NOT FOR PUBLICATION                                      (Docket Entry No. 5)


## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| _____ : | | |
| GLORIA J. MONTANA, | : | |
| | : | |
| Plaintiff, | : | Civil No. 11-1394 (RBK/JS) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ACRA TURF CLUB, LLC d/b/a | : | |
| FAVORITES AT VINELAND, et al., | : | |
| | : | |
| Defendants. | : | |
| _____ : | | |

**KUGLER**, United States District Judge:

This case, having been removed from the Superior Court of New Jersey by Defendants

Acra Turf Club, LLC d/b/a Favorites at Vineland, et al. ("Defendants"), comes before the Court

on the motion of Plaintiff Gloria Montana ("Plaintiff") to remand.  Because this Court finds that

it does not have jurisdiction, the case will be remanded to the Superior Court.

## I. BACKGROUND

Plaintiff has been employed since April 2007 by Defendant Acra Turf Club ("Acra"), a

limited liability company authorized to operate an off-track betting facility. Compl. ¶¶ 1-2.

During her period of employment at Acra, Plaintiff was a member of Defendant Sports Arena

Employees Local 137, AFL-CIO (the "Union").  Compl. ¶ 3. Plaintiff alleges that Acra

discriminated against her based on her sex by consistently assigning her fewer hours of work per

week than her male coworkers.

On February 7, 2011, Plaintiff originally filed a Complaint against Defendants in Superior Court in Camden County, New Jersey.  The Complaint included four counts, alleging violations of New Jersey's Law Against Discrimination ("NJLAD") and its Equal Pay Act ("EPA").  On March 10, 2011, Defendants removed the state court case to this Court.  On March 25, 2011, Plaintiff filed the present motion to remand, arguing that this Court does not have original subject matter jurisdiction.  In the motion to remand, Plaintiff also requests attorney's fees.

Defendant subsequently filed a motion to dismiss on April 18, 2011. Because this Court finds that it does not have original jurisdiction, this Court is not empowered to adjudicate Defendant's Motion to Dismiss Count I of Plaintiff's claim for failure to state a claim upon which relief can be granted.

## II.      DISCUSSION

### A.      Standard for Removal

Under 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action.  Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court.  To defeat a plaintiff's motion to remand, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case.  *Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 29 (3d Cir. 1995).  Where the decision to remand is a close one, district courts are encouraged to err on the side of remanding the case back to state court.  *See Abels*, 770 F.2d at 29 ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."); *Glenmede Trust Co. v. Dow Chemical Co.*, 384 F. Supp. 423,

433-34  (E.D. Pa. 1974) ("It is well settled that district courts should remand close or doubtful cases for two reasons.  First, remand will avoid the possibility of a later determination that the district court lacked jurisdiction and, secondly, remand is normally to a state court which clearly has jurisdiction to decide the case.").

 Section 301 of the Labor Management Relations Act ("LMRA") provides that federal district courts have original jurisdiction over suits for violations of contracts, including collective bargaining agreements, between employers and labor organizations.  29 U.S.C. § 185 (2011).  The Supreme Court has interpreted this statute to require that doctrines of federal labor law uniformly prevail over state law in disputes regarding the terms of collective bargaining agreements.  *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 104 (1962).  However, the Supreme Court has made it equally clear that not every state law claim tangentially related to a collective bargaining agreement is preempted by section 301 of the LMRA.  *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985).  Section 301 of the LMRA only preempts state law if the application of state law would require the interpretation of a collective bargaining agreement.  *Lingle v. Norge Div. of Magic Chef Inc.*, 486 U.S. 399 (1988).

 In this case, Defendants argue that this Court has original jurisdiction over Plaintiff's state law claims of violation of New Jersey's Equal Pay Act and Law Against Discrimination, because the state law claims are allegedly preempted by section 301 of the LMRA.  Plaintiff argues that this Court does not have original jurisdiction over any of his claims because none of his state law claims against Defendants should be preempted by section 301 of the LMRA.  Accordingly, the Court must determine whether Plaintiff's state law claim for wrongful termination in retaliation for filing a claim for worker's compensation benefits is preempted by section 301 of the LMRA, such that this Court has original jurisdiction over the claim.

**B.      Analysis**

**1. Motion to Remand**

Defendants argue that Plaintiff's claims of violations of the New Jersey Equal Pay Act, N.J. STAT ANN. §§ 34:11-56.2 (West 2011), and Law Against Discrimination, N.J. STAT ANN. §§ 10:5-12 (e) (West 2011), is preempted by section 301 of the LMRA because resolution of these claims requires the interpretation of the collective bargaining agreement. "[I]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is pre-empted and federal labor-law principles . . . must be employed to resolve the dispute." *Lingle*, 486 U.S. at 405-06.

A factual inquiry, not an analysis of the collective bargaining agreement, is required to adjudge Plaintiff's prima facie case for wrongful termination in retaliation for filing a claim for worker's compensation benefits. In *Lingle v. Norge Div. of Magic Chef Inc.*, the Supreme Court held that an Illinois state law tort claim of retaliatory discharge for filling a workers' compensation claim was not preempted by section 301 of the LMRA because the factual inquiry required to resolve the state law claim did not require construing the collective bargaining agreement. *Id.* at 407. The Court found that the prima facie case for retaliatory discharge in Illinois included "purely factual questions pertain[ing] to the conduct of the employee and the conduct and motivation of the employer." *Id.* The Court further found that neither the elements of the state law tort, nor the defense available to the employer, required the interpretation of the collective bargaining agreement in place between the parties. *Id.*

The prima facie elements necessary to prove the violations of the Equal Pay Act and NJLAD are similar. *Grigoletti v. Ortho Pharmaceutical Corp.*, 118 N.J. 89, 106 (1990) ("[T]he goals and policy of the EPA are mirrored in the LAD."). In New Jersey, in order to establish a

prima facie case for violation of the Equal Pay Act, a plaintiff must prove (1) that she is a member of a protected class; and (2) that she was offered less hours of work than male pari-mutuel clerks.  *See* NJ Model Civil Jury Charge 2.21(B)(4).  Discrimination cases under the NJLAD are decided according to the burden-shifting framework set out in *McDonnell Douglas*. *Vulcan Pioneers of New Jersey v. City of Newark*, 374 Fed.Appx. 313, 318 (3d Cir. 2010) (citing *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973)).  Under the NJLAD, "the prima facie elements of a discrimination claim vary depending on the particular facts of the case." *Storey v. Burns Int'l Sec. Servs.,* 390 F.3d 760, 764 (3d Cir. 2004).  To prove a *prima facie* case of disparate treatment, "a plaintiff must offer sufficient evidence that he was: (1) a member of a protected class, (2) qualified for the position, and (3) nonmembers of the protected class were treated more favorably than him."  *See Goosby v. Johnson & Johnson Medical, Inc.*, 228 F.3d 313, 318–19 (3d Cir.2000) (citing *Ezold v. Wolf, Block, Schorr and Solis Cohen,* 983 F.2d 509, 522  (3d Cir.1993)).

   To refute a claim of discrimination in violation of the NJLAD, the employer must demonstrate that the decreased number of hours was allocated for another, non-pretextual reason. *See Kube v. New Penn Motor Express, Inc.*, 865 F. Supp. 221, 230 (D.N.J. 1994).  As in *Lingle*, the analysis required to adjudge the prima facie case and the available defenses in New Jersey for the NJLAD and Equal Pay Act are factual inquiries that do not require analysis of the collective bargaining agreement between the parties.  As a result, Plaintiff's claim is not preempted by section 301 of the LMRA.

   Defendants argue that the collective bargaining agreement in this case governs all claims Plaintiff may bring against Defendants because Plaintiff's employment, termination, and workers' compensation claims are governed by the terms of the agreement.  The state law claims of

violation of the New Jersey Equal Pay Act and violation of the New Jersey Law Against Discrimination, however, do not require an analysis of the terms of employment but rather the motivations behind Defendants' decision to terminate Plaintiff's employment.  Therefore, no analysis of the collective bargaining agreement is necessary with regard to claims for violations of the New Jersey Equal Pay Act and Law Against Discrimination.

Accordingly, Plaintiff's state law claims are not preempted by section 301 of the LMRA.  Therefore, this Court does not have original jurisdiction, and Defendants' removal does not comport with the requirements of the removal statute, 28 U.S.C. § 1441(b).

**2. Request for Attorney's Fees**

In the Motion to Remand, Plaintiff also requests counsel fees and costs pursuant to 28 U.S.C. § 1447.  In addressing the question of whether counsel fees should be awarded in this matter, Plaintiff cites to *Martin v. Franklin Corp.*, 546 U.S. 132, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).  In *Martin*, the Supreme Court noted, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." Id. at 140-41.  The Court agrees with Defendant that they were objectively reasonable in seeking removal.  At a minimum, Defendant had a good faith belief that Plaintiff's claims would require interpretation of the CBA, and that therefore removal was proper.  No evidence exists to conclude that Defendant attempted the removal to delay or to unreasonably impose additional litigation costs upon Plaintiff. Accordingly, Plaintiff's application for counsel fees is denied.

**III.    CONCLUSION**

Because this Court does not have original jurisdiction, as required by 28 U.S.C. § 1441(b), this case will be remanded to the Superior Court of Camden County, New Jersey.  An accompanying Order shall issue today.


Dated:  __10/4/11_____                              /s/ Robert B. Kugler_____
                                                                    ROBERT B. KUGLER
                                                                    United States District Judge